2024 IL App (4th) 240638-U

NOS. 4-24-0638, 4-24-0639, 4-24-0640, 4-24-0641 cons.

<table>
<tr><td>

NOTICE<br>
This Order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

</td><td>

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

</td><td>

FILED<br>
September 3, 2024<br>
Carla Bender<br>
4th District Appellate Court, IL

</td></tr>
</table>

| | |
|---|---|
| *In re* Ev. K., L.K., C.K., and El. K., Minors | ) Appeal from the |
| | ) Circuit Court of |
| (The People of the State of Illinois, | ) Macoupin County |
| Petitioner-Appellee, | ) Nos. 20JA29 |
| v. | ) 20JA30 |
| Christina N., | ) 20JA31 |
| Respondent-Appellant). | ) 20JA68 |
| | ) |
| | ) Honorable |
| | ) Joshua A. Meyer, |
| | ) Judge Presiding. |

PRESIDING JUSTICE CAVANAGH delivered the judgment of the court. Justices Zenoff and Lannerd concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, finding the trial court did not err in terminating respondent's parental rights.

¶ 2        In December 2022, the State filed separate petitions to terminate the parental rights of respondent, Christina N., as to her four minor children: Ev. K. (born in 2019), L.K. (born in 2018), C.K. (born in 2017), and El. K. (born in 2020). In March 2024, the trial court granted the State's petitions and terminated respondent's parental rights as to all four minors. The court also terminated the parental rights of the minors' father, Jason K., who is not a party to this appeal. On appeal, respondent argues (1) the court abused its discretion in denying her counsel's motion to continue the termination hearing, (2) the State failed to prove the condition

of her home was unsuitable, and (3) the court erred in considering her failure to appear at scheduled drug tests. We affirm.

¶ 3                                  I. BACKGROUND

¶ 4                                 A. Neglect Petitions

¶ 5                                1. *Ev. K., L.K., and C.K.*

¶ 6            In March 2020, the State filed separate petitions for adjudication of wardship of Ev. K., L.K., and C.K., alleging that the minors were neglected pursuant to section 2-3(1)(b) of the Juvenile Court Act of 1987 (Juvenile Court Act) (705 ILCS 405/2-3(1)(b) (West 2020)) due to being in an environment injurious to their welfare. Specifically, the State alleged the minors were provided inadequate shelter in that, due to an inoperable furnace, their home was not adequately heated when the outdoor temperature was approximately 10 degrees.

¶ 7            In July 2020, the State filed separate supplemental petitions for adjudication of wardship of Ev. K., L.K., and C.K. The State alleged, pursuant to section 2-3(1)(b) of the Juvenile Court Act (705 ILCS 405/2-3(1)(b) (West 2020)), that (1) the minors' parents failed to provide adequate clothing and shelter for the minors, including lack of proper diapers and exposure to human feces, garbage, and uncovered wiring in the home, and (2) the minors were not adequately supervised, resulting in the minors having substantial, unexplained bruising.

¶ 8            Following a July 2020 hearing, the trial court granted temporary custody of the minors to the Illinois Department of Children and Family Services (DCFS).

¶ 9                                    2. *El. K.*

¶ 10           In August 2020, the State filed a petition for adjudication of wardship of El. K., alleging the minor was neglected pursuant to section 2-3(1)(b) of the Juvenile Court Act (705 ILCS 405/2-3(1)(b) (West 2020)). The State alleged the minor's environment was injurious to

his welfare in that when he was born, his siblings were already in protective custody due to unsuitable living conditions and unexplained bruising. Following an August 2020 hearing, the trial court granted DCFS temporary custody of El. K.

¶ 11                    B. Adjudications and Dispositions

¶ 12        In August 2020, the trial court adjudicated Ev. K., L.K., C.K., and El. K. neglected. In February 2021, the court found respondent was unable to care for the minors, made the minors wards of the court, and granted guardianship and custody of the minors to DCFS.

¶ 13                 C. Petitions for Termination of Parental Rights

¶ 14        In December 2022, the State filed separate petitions to terminate the parental rights of respondent as to all four minors. The State alleged respondent was unfit because she failed to make reasonable progress toward the return of the minors within the relevant nine-month period following the neglect adjudication (750 ILCS 50/1(D)(m)(ii) (West 2022)). The relevant nine-month period referenced in the petitions was February 22, 2022, to November 22, 2022.

¶ 15                 D. Fitness and Best Interest Hearings

¶ 16        In March 2024, the trial court conducted a joint fitness and best interest hearing. Respondent was not present for the proceedings.

¶ 17                       1. *Motion to Continue*

¶ 18        Due to respondent's absence, her counsel moved to continue the hearing. Counsel did not know the reason for her absence and stated he reminded respondent of the hearing in writing. The State noted respondent was served with the summons on the termination petitions in December 2022.

¶ 19　　　　　The trial court denied counsel's motion. The court reasoned that denial was proper because (1) respondent was served with the summons, (2) she was present at prior hearings, (3) she was represented by counsel at the current hearing, (4) her counsel did not know why she was absent, and (5) her counsel did not present any reasonable grounds for a continuance. The court further noted the cases had been pending since December 2022.

¶ 20　　　　　　　　　　　　2. *Fitness Hearing*

¶ 21　　　　　The trial court proceeded to the fitness portion of the hearing.

¶ 22　　　　　The State called Robert Clause, a caseworker with Rutledge Youth Foundation. Clause testified he was assigned the minors' cases in May 2022. During the relevant period, respondent obtained a substance abuse evaluation but did not engage in substance abuse treatment. She also failed to perform weekly drug tests, showing up for "[a] few here and there but nothing consistent." The few drug tests respondent did perform were negative for all drugs. Clause noted that substance abuse treatment was added to respondent's service plan based on her past substance abuse.

¶ 23　　　　　When Clause conducted a visit of respondent's home, he found it was in poor condition and did not meet the minimal housing standards. Some of the doors had missing handles, which prevented the doors from latching shut, including the exterior door in the kitchen. Clause also observed piles of clothing on the floor and rotten food in an upstairs refrigerator. The downstairs refrigerator was in satisfactory condition. Clause tried to schedule multiple follow-up home visits, but respondent did not respond to his numerous attempts at contacting her.

¶ 24　　　　　Respondent attended a few parenting classes but did not complete the parenting program. However, respondent consistently attended visitation with the minors. The few times

visitation was rescheduled was due to illness. Overall, Clause opined that respondent's performance on the service plan was unsatisfactory.

¶ 25　　　　The trial court found respondent unfit by clear and convincing evidence for failure to make reasonable progress toward the return of the minors during the relevant nine-month period.

¶ 26　　　　　　　　　　　　　3. *Best Interest Hearing*

¶ 27　　　　The trial court immediately proceeded to the best interest portion of the hearing.

¶ 28　　　　Clause testified the minors were placed in the same foster home. The foster parents provided for all their basic needs, including food, shelter, clothing, and education. The minors were bonded to their foster parents, and the foster parents expressed a willingness to adopt all four minors. On cross-examination, Clause agreed the minors were happy to see respondent during visitation.

¶ 29　　　　The trial court found termination of respondent's parental rights was in the best interest of all four minors.

¶ 30　　　　This appeal followed.

¶ 31　　　　　　　　　　　　　II. ANALYSIS

¶ 32　　　　On appeal, respondent argues (1) the trial court abused its discretion in denying her counsel's motion to continue the termination hearing, (2) the State failed to prove the condition of her home was unsuitable, and (3) the court erred in considering her failure to appear at scheduled drug tests.

¶ 33　　　　　　　　　　　　　A. Motion to Continue

¶ 34　　　　Respondent argues the trial court abused its discretion in denying her counsel's motion to continue the termination hearing.

¶ 35 "Under Illinois law, a party has no absolute right to a continuance." *In re Tashika F.*, 333 Ill. App. 3d 165, 169 (2002). In cases involving minors, "[t]he court may continue the hearing 'only if the continuance is consistent with the health, safety[,] and best interests of the minor.' " *In re K.O.*, 336 Ill. App. 3d 98, 104 (2002) (quoting 705 ILCS 405/2-14(c) (West 2000)). "[S]erious delay in the adjudication of abuse, neglect, or dependency cases can cause grave harm to the minor and the family [in] that it frustrates the health, safety[,] and best interests of the minor and the effort to establish permanent homes for children in need." 705 ILCS 405/2-14(a) (West 2022).

¶ 36 A trial court's denial of a motion to continue is reviewed for an abuse of discretion and will not be reversed unless the complaining party demonstrates prejudice. *Tashika F.*, 333 Ill. App. 3d at 169. An abuse of discretion occurs if the ruling is arbitrary, fanciful, or unreasonable. *In re Z.J.*, 2020 IL App (2d) 190824, ¶ 55.

¶ 37 Here, the record reflects the trial court denied counsel's motion to continue on the following bases: (1) respondent was served with the summons on the termination petition, (2) she was present at prior hearings, (3) she was represented by legal counsel at the termination hearing, (4) her counsel could not explain her absence, and (5) her counsel did not present any reasonable grounds for a continuance. The court also noted the cases had been pending for 16 months at the time of the hearing. "Although a parent has a right to be present at a hearing to terminate parental rights, it is not mandatory that he or she be present, and the [trial] court is not obligated to wait until he or she chooses to appear." *K.O.*, 336 Ill. App. 3d at 105. Additionally, respondent puts forth no argument as to how she was prejudiced by the court's denial of the motion.

¶ 38        As such, we find the trial court did not abuse its discretion in denying the motion for a continuance.

¶ 39                    B. Fitness and Best Interest Determinations

¶ 40        In her brief, respondent claims: (1) the State failed to prove by a preponderance of the evidence that the condition of her home was unsuitable and (2) the trial court erroneously considered evidence of her failure to appear at scheduled drug tests. She contends neither of these points should have been used as a "basis for termination."

¶ 41        Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) requires the argument section of an appellant's brief to include "the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on. *** Points not argued are forfeited." In the pertinent sections of her brief, respondent fails to direct this court to any statute or decision in support of her arguments and includes no citations to the appellate record. See *Vance v. Joyner*, 2019 IL App (4th) 190136, ¶ 80 ("Mere contentions, without argument or citation to authority, do not merit consideration on appeal." (Internal quotation marks omitted.)).

¶ 42        Moreover, it is entirely unclear from her statements whether respondent is challenging the trial court's fitness or best interest determination, or both. The evidence she challenges was not used as a "basis for termination," as it was presented at the fitness hearing, where the question to be resolved is whether a parent is unfit, and not whether to terminate parental rights. *In re D.D.*, 2022 IL App (4th) 220257, ¶ 27. Furthermore, respondent argues the State failed to prove the conditions of her home were unsuitable by a preponderance of the evidence, yet the burden on the State at the fitness hearing is proof by clear and convincing evidence. *D.D.*, 2022 IL App (4th) 220257, ¶¶ 27, 50.

¶ 43 This court is entitled to have the issues clearly defined with pertinent authority and cohesive arguments. *People v. O'Neal*, 2021 IL App (4th) 170682, ¶ 54. "Appellate courts are not depositories where litigants may dump the burden of argument and research." *In re Marriage of Hundley*, 2019 IL App (4th) 180380, ¶ 82. Because respondent does not properly formulate a cognizable argument for our review, we find she has forfeited any argument challenging the trial court's fitness and best interest findings.

¶ 44                                 III. CONCLUSION

¶ 45          For the reasons stated, we affirm the trial court's judgment.

¶ 46          Affirmed.